## Royal-Globe Insurance Companies, Appellant, *v.* Hauck Manufacturing Company.

Submitted December 2, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

*R. Hart Beaver, Thomas P. Harlan,* and *Beaver, Wolf & Harlan,* for appellant.

*Mark C. McQuillen,* for appellee.

OPINION BY CERCONE, J., March 31, 1975:

On March 21, 1966, the appellee, Hauck Manufacturing Company (Manufacturer), sold to Faber Engineering Company, Inc. (Engineer) a gas control valve which the engineer purchased in its capacity as consulting engineer for E. Keeler Company (Contractor). The valve was installed in a boiler. at the Federal Trade Center in Denver, Colorado by the contractor; and, on June 13, 1967, the valve malfunctioned causing an explosion and extensive damage. The contractor repaired the damage and demanded payment from the engineer. The appellant, Royal-Globe Insurance Companies (Globe), was the engineer's insurance carrier and, as such, compromised the claim with the contractor. Globe then as subrogee of the engineer brought this action against the manufacturer.

The complaint in this action contains three separate counts. The first count is in trespass and avers negligence and recklessness on the part of the manufacturer. The second and third counts are in assumpsit and aver breach of implied warranty of merchantability and breach of implied warranty of fitness for a particular purpose. Various pre-trial pleadings were filed in which the manufacturer claimed that the entire action was barred by reason of the statute of limitations and in the alternative by conditions annexed to the contract of sale between the manufacturer and engineer. The lower court in response to these pleadings granted the manufacturer's motion for summary judgment as to the two counts in assumpsit on the basis that the statute of limitations had run, but refused the manufacturer's motion for summary judgment as to the count in trespass[1] and per-

---

1. The count in trespass is not barred by the statute of limitations because such action can be brought within six years. 12 P.S. § 31, Act of March 27, 1713, 1 Sm. L. 76, § 1. The lower court held that the count in trespass was also not barred by the conditions annexed to the contract of sale which Hauck claimed exculpated it from any liability.

mitted Globe to file an amended complaint setting forth with more particularity both damages and acts which constituted a breach of duty owed to Globe as subrogee. Globe filed an amended complaint in trespass and now appeals the lower court's order concerning the counts in assumpsit.

As to the two counts in assumpsit the applicable statute of limitations for actions based on warranty is set forth in Section 2-725 of the Uniform Commercial Code.[2] This section provides that an action for breach of contract for sale must be commenced within four years after the cause of action has accrued. In this case the cause of action accrued either on the date of sale,[3] March 21, 1966, or on the date of the explosion,[4] June 13, 1967. Litigation was not commenced in the Lebanon County Court of Common Pleas until July 1, 1971. Therefore it is clear that unless the statute was tolled, both counts in assumpsit are barred regardless of whether the cause of action accrued on the date of the sale or on the date of the explosion.

Globe argues here, as it did in the court below, that the statute was in fact tolled[5] on October 14, 1968, when

2. 12A P.S. § 2-725, Act of April 6, 1953, P.L. 3, § 2-725, eff. July 1, 1954. Reenacted, Act of Oct. 2, 1959, P.L. 1023, § 2, eff. Jan. 1, 1960.

3. See *Rufo v. The Bastians Blessing Co.*, 417 Pa. 107 (1965).

4. See *Gardiner v. Philadelphia Gas Works*, 413 Pa. 415 (1964); and, *Foley v. The Pittsburgh Des Moines Company*, 363 Pa. 1 (1949).

5. The concept of tolling is vague and undefined. When Globe argues that the statute was tolled by the commencement of action in federal court it is unclear if Globe is arguing that the running of the statute is suspended for the period it was in federal court or if the commencement of action in federal court stops the statute from running for the purpose of the suit in federal court and also for purpose of subsequent suits brought in state courts. Because of our decision in this case we need not now resolve this problem. It should be noted that this is but one of the many conceptual

the engineer filed a complaint against the manufacturer in the United States District Court for the Eastern District of Pennsylvania.[6] Therefore, the question which we must now decide is whether the commencement of an action in federal court tolls the running of the statute of limitations against an action in state court. While it is true that Globe's view is supported by limited authority[7] we feel that the weight of the authority compels us to hold, as did the lower court, that the action in federal court does not toll the statute as to the action in state court.

The principal behind this holding has been accepted by United States courts since the turn of the century. In the early case of *Willard v. Wood,* 164 U.S. 502, 523 (1896) the United States Supreme Court stated: "The general rule in respect of limitations must also be borne in mind, that if a plaintiff mistakes his remedy, in the absence of any statutory provision saving his rights, or where from any cause a plaintiff becomes nonsuit or the action abates or is dismissed, and, during the pendency of the action, the limitation runs, the remedy is barred. *Alexander v. Pendleton,* 8 Cranch 462,

---

problems which surround the concept of tolling. These problems have been resolved for the most part in all but a dozen states by the adoption of a saving or renewal statute which allows a plaintiff a certain period of time within which to recommence his suit after a dismissal on grounds other than the merit of the case. For discussion of this problem generally see 54 C.J.S. Limitations of Action § 247; Developments in the Law, Statute of Limitations, 63 Harv. L. Rev. 1177, 1243 (1950); 3 A.L.R. 1330; 90 A.L.R. 456; and 4 Am. Jur. Trials 569.

6. This action was dismissed without prejudice by Order of the District Court dated January 17, 1969, because of lack of diversity of jurisdiction.

7. See *Caimaichelo v. Pinkston,* 41 D. & C. 2d 727 (1966) and *Menefee v. Central Broadcasting System, Inc.,* 54 D. & C. 2d 341 (1972). It should be noted, however, that these cases deal with the tolling of the state statute of limitations as to action in one Pennsylvania county by action brought in another Pennsylvania county and therefore can be easily distinguished.

470; *Young v. Mackall*, 4 Md. 367; Wood on Limitations, § 293, and cases cited."

An action in state court does not toll the running of the statute of limitations against subsequent action in federal court. *Falsetti v. Local Union No. 2026, United Mine Workers of America*, 355 F. 2d 658 (3d Cir. 1966). And, similarly, an action in one state does not toll the running of the statute of limitations against action in another state. *Overfield v. Pennroad Corp.*, 146 F. 2d 889 (3d Cir. 1944). Therefore, it would be inconsistent and unreasonable to toll the running of the statute of limitations against a cause of action in state court on the basis of an action in federal court.[8]

In addition to the above issue concerning the two counts in assumpsit raised by Globe, the manufacturer would have us review the lower court's overruling its motion for summary judgment as to the count in trespass. The manufacturer would have us consider if the conditions annexed to the contract of sale bar this action in trespass because such conditions exculpated the manufacturer from any liability. This we cannot do. The Pennsylvania Supreme Court has clearly stated that an appellee who himself takes no appeal from the holding of the lower court cannot raise issues not raised by the appellant. See *Exner v. Gangewere*, 397 Pa. 58 (1959); and *Philadelphia Tax Review Bd. v. Manheim Laundry Co.*, 398 Pa. 265 (1960). This position is in line with the recent decision of *Swarb v. Lennox*, 405 U.S. 191, 201 (1972) where the United States Supreme Court stated: "The permissible reach of this opposition, however, coincides with and goes no further than the extent of the appellants' appeal. In the absence of a cross appeal, the opposition is in no position to attack those portions of the District Court's judgment that are favorable to the plaintiff-appellants."

---

8. See 54 C.J.S. Limitations of Actions § 247 at p. 280, n. 52.

Accordingly, we will not consider the count in trespass and we affirm the order of the court below concerning the two counts in assumpsit.