Michael E. SABO

v.

Bernadette Frances McNamee PARISI
and Anthony Parisi.

Civ. A. No. 83–4332.

United States District Court,
E.D. Pennsylvania.

April 12, 1984.

Joseph A. Canuso, Philadelphia, Pa., for plaintiff.

Brian E. Appel, Philadelphia, Pa., for defendants.

## OPINION

JOSEPH S. LORD, III, Senior District Judge.

Plaintiff filed a fourteen count complaint arising out of his discovery that a child born during his marriage to defendant Bernadette Frances McNamee Parisi was, in fact, the natural child of defendant Anthony Parisi. Plaintiff seeks to recover damages for various tortious acts, including infliction of mental and emotional distress, abuse of legal process, fraud, false swearing, outrage, and negligent failure to utilize appropriate birth control. Defendants have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). I will grant the motion.

### I. Procedural background

Plaintiff filed his first complaint in this case on April 6, 1982. This complaint was filed by an attorney admitted to practice in New Jersey and Pennsylvania, but not admitted to practice before this court. On the same day the complaint was filed, the clerk of this court sent plaintiff's counsel a copy of Local Rule of Civil Procedure 11, concerning admission to practice in the Eastern District of Pennsylvania, and Local Rule 13, prescribing the need for a lawyer not otherwise admitted to practice before this court to associate himself with an attorney who is a member of the bar of this court.

In the first week of November, 1982, while defendants' motion to dismiss was pending, plaintiff's counsel again was advised by this court of the need to comply with the Local Rules. No action having been taken by the plaintiff, I entered an order on November 24, 1982 dismissing the complaint because of plaintiff's counsel's failure to comply with Local Rules 11 and 13.

Plaintiff did nothing for nine months when, on August 8, 1983, he refiled the same complaint in state court with the assistance of new counsel. Defendants then removed the action to this court and again filed a motion to dismiss for failure to state claims upon which relief can be granted. This motion, which is similar to defendants' first motion to dismiss, includes the argument that all of plaintiff's alleged causes of action are barred by the applicable two year statute of limitations, 42 Pa.Cons.Stat. Ann. § 5524.[1]

---

**1.** Neither party disputes that this diversity case is governed by Pennsylvania law.

**1470**

## II. Statute of limitations

■ As an affirmative defense under F.R.C.P. 8(c), the statute of limitations generally may not serve as a ground for a motion to dismiss. However, when the running of the statute is apparent from the face of the complaint, the defense may be raised in a Rule 12(b)(6) motion. *Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir.1978); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.1980).

All of the events giving rise to plaintiff's causes of action took place more than two years before August 8, 1983, the date plaintiff filed his second complaint. In ¶ 2 of Count I of the complaint, plaintiff states that defendants' alleged adulterous affair occurred between March 1977 and October 1979. He further states in ¶ 4 of Count I that "on or about February 25, 1981," it was ultimately revealed that defendant Anthony Parisi, and not plaintiff, was the natural father of the child born to plaintiff's then wife. No more recent event is pleaded in the complaint.

■ Plaintiff does not dispute that Pennsylvania's two-year statute of limitations, 42 Pa.Cons.Stat.Ann. § 5524, applies to all causes of action alleged in his complaint. Further, plaintiff does not assert, nor could he, that the statute of limitations was tolled by the filing of the first complaint in federal court in April, 1982. The filing of an action in federal court does not toll the statute for purposes of an action later filed in state court. *Royal-Globe Insurance Co. v. Hauck Manufacturing Co.*, 233 Pa.Super. 248, 335 A.2d 460, 462 (1975); *DiSabatino v. Mertz*, 82 F.Supp. 248, 249 (M.D.Pa. 1949). *See also Price v. United States*, 466 F.Supp. 315, 318 (E.D.Pa.1979), in which it was held that a complaint filed in federal court which was dismissed for lack of subject matter jurisdiction did not toll a state statute of limitations.

■ Plaintiff does, however, claim that his action is not time barred. Although more than two years elapsed between February 25, 1981 and plaintiff's filing of his second complaint on August 8, 1983, plaintiff argues that defendants had been fully aware of the existence and the nature of his claims because of the first complaint filed in April, 1982. This argument must be rejected. The fact that defendants may have been on notice as to plaintiff's causes of action does not toll the running of the statute; only the refiling of the complaint within the statutory period could have done that.

■ Plaintiff also argues that after his first complaint was dismissed on November 24, 1982, he attempted to preserve his rights by diligently pursuing his cause of action. This argument is belied by the facts and must be rejected. At the time of dismissal, plaintiff could have either obtained local counsel and moved for reconsideration of the order of dismissal, appealed the dismissal, or, at the very least, refiled the complaint within the three months then remaining on the applicable statute of limitations. Plaintiff chose none of these options, but instead allowed the statutory period to expire before refiling the complaint.

■ In any event, a party's diligence will delay the running of the statute only when such party, in spite of due diligence, remains unaware of his cause of action. *Grabowski v. Turner & Newall*, 516 F.Supp. 114, 118 (E.D.Pa.1980), *aff'd sub nom. DaMato v. Turner & Newall, Ltd.*, 651 F.2d 908 (1981). In such case, the statute begins to run only when a reasonably diligent person would have discovered the facts and circumstances upon which the right of recovery is based. *Shaffer v. Larzelere*, 410 Pa. 402, 405, 189 A.2d 267 (1963). That is quite different from the instant case. Here, plaintiff admits in his complaint that he was fully aware of his cause of action by February 25, 1981. Plaintiff hardly can be heard to claim diligence when, armed with such knowledge, he failed to properly institute the action before February 25, 1983.

Pennsylvania has adopted the general rule set forth by the United States Supreme Court in *Willard v. Wood*, 164 U.S. 502, 523, 17 S.Ct. 176, 181, 41 L.Ed. 531 (1896) that:

if a plaintiff mistakes his remedy, in the absence of any statutory provision sav-

ing his rights, or where from any cause a plaintiff becomes nonsuit or the action abates or is dismissed, and, during the pendency of the action, the limitation runs, the remedy is barred.

*Royal-Globe Insurance Co. v. Hauck Manufacturing Co., supra,* 335 A.2d at 462.

Pennsylvania does have a saving statute, which provides in relevant part as follows:

(a) Termination of prior matter—

(1) If a civil action or proceeding is timely commenced and is terminated, a party, or his successor in interest, may, notwithstanding any other provision of this subchapter, commence a new action or proceeding upon the same cause of action within one year after the termination and any other party may interpose any defense or claim which might have been interposed in the original action or proceeding.

(2) Paragraph (1) does not apply to:

.    .    .    .    .

(ii) An action or proceeding terminated by ... a dismissal for neglect to prosecute the action or proceeding, or a final judgment upon the merits.

42 Pa.Cons.Stat.Ann. § 5535.[2]

The exception contained in § 5535(a)(2)(ii) clearly bars the present complaint, the original action having been previously dismissed for failure to prosecute. The first complaint was dismissed when plaintiff, after being notified by this court of the need to comply with the local rules, continued to participate actively in pretrial proceedings without obtaining an associate counsel of record as required by local rule 13. Any pleadings filed by plaintiff were not properly before this court and thus were a nullity. Therefore, plaintiff's first complaint was dismissed for failure to prosecute and his second complaint, filed after the statute of limitations had run, is time barred.

For the foregoing reasons, I will grant defendants' motion to dismiss.

**2.** On February 13, 1984, I ordered the parties to brief the statute of limitations issue, directing their attention to § 5535. The parties stipulated to an extension until March 5, 1984 to submit their briefs. As of the date of this opinion I have received no brief from the plaintiff.