Carl M. RAVITCH, Appellant,

v.

PRICEWATERHOUSE, Pricewaterhouse, LLP and Pricewaterhousecoopers, LLP, Appellees.

Superior Court of Pennsylvania.

Argued Nov. 29, 2001.
Filed Feb. 25, 2002.

Jared B. Stamell, New York, NY, for appellant.

David W. Rivkin, New York, NY, and John W. Frazier, Philadelphia, for appellees.

Before JOHNSON, JOYCE and BECK, JJ.

OPINION BY JOYCE, J.:

¶ 1 Appellant, Carl Ravitch, appeals from the order entered December 22, 2001 in the Court of Common Pleas of Philadelphia County. The order granted judgment on the pleadings in favor of Appellees. We affirm. The well reasoned opinion of the trial court aptly sets forth the facts and procedural history as follows:

In the early 1980's, Ravitch and the members of the class he seeks to represent invested as limited partners in real estate limited partnerships managed by Commercial Properties Group ("CPG"). The partnerships were tax shelters. By using a method called the "Rule of 78[']s" to calculate the interest that the partnership paid on real estate loans, the partnership generated large short-term losses. CPG employed Price Waterhouse to prepare the tax returns for the partnerships, to prepare the Schedule K–1 for each limited partner showing each partner's share of the loss, and to audit and render opinions on the partnerships' financial statements.

On June 6, 1983, the IRS issued Revenue Ruling 83–84, 1983–1 C.B. 97, specifically disapproving of the Rule of 78[']s. Nonetheless, Price Waterhouse continued to use the Rule of 78[']s for the partnerships. Ravitch claims that Price Waterhouse told him and other limited partners that the revenue ruling did not apply retroactively and, therefore, did not apply to the limited partnerships.

Price Waterhouse's advice seems to have been wrong. On December 29, 1988, the United States Tax Court held that Revenue Ruling 83–84 applied retroactively. *Prabel v. Commissioner*, 91 T.C. 1101[, 1988 WL 138769] (1988), aff'd, 882 F.2d 820 (3rd Cir.1989). In a letter dated January 5, 1989, Price Waterhouse informed the limited partners about *Prabel.*

As a result of *Prabel*, the IRS disqualified the deductions on several of the partnerships. Ravitch and the other limited partners settled with the IRS.

On June 20, 1989, the limited partners brought a national class action against CPG, Price Waterhouse and others in federal court in New York. *Graf v. Commercial Properties Group, Inc.,* 89 Civ. 2057[, 1990 WL 39910] ( E.D.N.Y.[1990]). The compliant alleged securities fraud, RICO violations, breach of fiduciary duty and negligence. All defendants except Price Waterhouse settled with the plaintiffs. The court dismissed Price Waterhouse from *Graf* on February 21, 1990.

On April 10, 1990, the limited partners brought a national class action against Price Waterhouse in state court in New York. *Ackerman v. Price Waterhouse,* (N.Y.Sup.Ct. N.Y. County, Index No. 15639/90). The complaint alleged negligence and professional malpractice. The plaintiffs sought certification of a national class of all investors and certification of a class of only New York investors. Ravitch—a Pennsylvania resident—was a member of the proposed national class. The trial court denied certification of both classes. On December 1, 1998, the New York Supreme Court Appellate Division affirmed the denial of certification of the national class, but reversed the denial of certification of the New York class. On April 21, 1999, a jury found in favor of Price Waterhouse.

On September 3, 1999, Ravitch filed this action against Price Waterhouse on behalf of a class of non-New York investors in the CPG partnerships. The complaint alleged negligence, breach of contract, breach of fiduciary duty, aiding and abetting fraud and aiding and abetting breach of fiduciary duty. In its answer to the complaint, Price Waterhouse then filed a motion for judgment on the pleadings based on the statute of limitations defense.

Trial Court Opinion, 12/21/00, at 1–3.

¶ 2 The trial court granted judgment on the pleadings in favor of Appellees, finding that the statute of limitations barred the action. Appellant filed a timely notice of appeal.

¶ 3 Appellant raises the following issues for our consideration:

1. Does a class action filed in another state toll the limitations period for a later-filed action in Pennsylvania state court?

2. When the policies which support statutes of limitations, such as notice to defendants of the claims and the identity of class members, are satisfied, is it proper to deny Pennsylvania residents the benefits of equitable tolling of such statutes because the class action was filed outside Pennsylvania?

3. Where the general rule of no tolling by individual actions is modified by Pennsylvania's savings statute and by its borrowing statute, was it error not to apply either statute when treating the out-of-state class action as an individual action for tolling purposes?

4. Does it violate the Full Faith and Credit Clause of and [sic] Fourteenth Amendment to the United States Constitution to treat a class action filed in New York, and the members of the putative class in that action, less favorably than the treatment that would be accorded in a class action filed in a Pennsylvania state court?

Appellant's brief, at 4.

¶ 4 The scope of review of an appeal from the grant of judgment on the pleadings is plenary. *Vetter v. Fun Footwear Co.*, 447 Pa.Super. 84, 668 A.2d 529, 531 (1995) (*en banc*), *allocatur denied*, 544 Pa. 658, 676 A.2d 1199 (1996). Consequently,

[o]ur review of a trial court's decision to grant...judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warranted a jury trial. In so reviewing, we look only to the pleadings and any documents properly attached thereto. Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary.

*Pennsylvania Financial Responsibility Assigned Claims Plan v. English*, 541 Pa. 424, 664 A.2d 84, 86 (1995). *Accord Vetter*, 668 A.2d at 530–531.

¶ 5 The issue before us today is whether a class action filed in another state will toll the statute of limitations for a subsequent action filed in Pennsylvania. Appellant concedes that two-year statute of limitations apply to his negligence, fiduciary duty and aiding and abetting claims. Appellant's brief, at 7–8. *See* 42 Pa.C.S.A. § 5524. Appellant also recognizes that in claims involving contracts, there is a four-year statute of limitations. Appellant's brief, at 7–8. *See* 42 Pa.C.S.A. § 5525. However, Appellant contends that the following string of tolling events occurred that resulted in a timely filing of the Pennsylvania class action. First, Appellant argues that despite the renunciation of the rule of 78's in 1984, Appellees "made false

statements that concealed the claims against it, [so] the earliest that [Appellant] or any member of the putative class could have discovered the injury caused by [Appellee] was in January 1989 after the United States Tax Court's unanimous decision...." Appellant's brief, at 11. The second tolling period began when the *Graf* action was filed in federal court on June 20, 1989 and lasted until Appellee was dismissed from that action on February 21, 1990. Then a third tolling period began on April 10, 1990 with the filing of the *Ackerman* action in New York state court and ended on December 1, 1998 when class certification was denied. In considering Appellant's proposition, the trial court concluded that a foreign class action does not toll the limitations period for a Pennsylvania action, whether a class action or an individual action, and that Appellant could not depend on *Graf* and *Ackerman* to toll the limitations periods on his claims.

¶ 6 We will begin our analysis with a discussion of the tolling effect of class actions as declared by the United States Supreme Court. In *American Pipe and Construction Company v. State of Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), the Supreme Court held that the filing of a class action in federal district court tolls the running of the statute of limitations for all purported members of the class who make timely motions to intervene after the court has determined the suit is inappropriate for class action status. *American Pipe,* 414 U.S. at 553, 94 S.Ct. at 766, 38 L.Ed.2d at 726. Without the tolling provision, a party would feel compelled to file a protective action in order to preserve their rights in the event that the class status was ultimately denied, which would result in unnecessary, duplicative filings. The Supreme Court reasoned that this holding was in conformity with the purpose of class actions, which is to promote efficiency and economy of litigation.

The Supreme Court also found that the rule was not inconsistent with the operation of statutes of limitations, which are designed to prevent plaintiffs from bringing claims that have been allowed to slumber while memories fade and witnesses disappear, as long as the adversary is put on notice to defend the claim during the period of limitations. *Id.* 414 U.S. at 554, 94 S.Ct. at 766.

¶ 7 The holding in *American Pipe* was extended by the United States Supreme Court in *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983). In that case, the Supreme Court held that the filing of a class action in federal court tolls the statute of limitations not only for those who move to intervene in the original suit after class status is denied, but also for those who subsequently file an individual suit in federal court. *Crown, Cork & Seal,* 462 U.S. at 353–354, 103 S.Ct. at 2397.

¶ 8 Both *American Pipe* and *Crown, Cork & Seal* involved individual suits filed in federal court after denial of class certification in federal court. Both actions were brought in the same court system. Nonetheless, Appellant urges us to apply the tolling principles enunciated therein to the state action *sub judice.*

¶ 9 In Pennsylvania, an individual action filed in federal court does not toll the running of the statute of limitations as to an action in state court. *Royal–Globe Insurance Companies v. Hauck Manufacturing Company,* 233 Pa.Super. 248, 335 A.2d 460 (1975); *Skehan v. Bloomsburg State College,* 94 Pa.Cmwlth. 252, 503 A.2d 1000 (1986). Nor does the filing of an action in state court toll the statute of limitations against a subsequent action filed in federal court. *Royal Globe,* 335 A.2d at 462, *citing Falsetti v. Local Union No.2026, United Mine Workers of Amer-*

*ica,* 355 F.2d 658 (3rd Cir.1966). Furthermore, an action filed in another state does not toll the running of the statute of limitations as to an action in Pennsylvania. *Id.* citing *Overfield v. Pennroad Corp.* 146 F.2d 889 (3rd Cir.1944). Of course, all of these cases involved actions that were not class actions but individual actions. Indeed, Pennsylvania is devoid of any case law pertaining to whether a class action in another state's court or in federal court tolls the limitations period for a class action or individual action filed in Pennsylvania's state court.

¶ 10 In resolving this issue, the trial court applied, at Appellees' behest, Pa. R.C.P. 1701(a). That statute provides:

**Rule 1701. Definition. Conformity**

(a) As used in this chapter "Class action" means any action brought by or against parties as representatives of a class until the court by order refuses to certify it as such or revokes a prior certification under these rules.

### Explanatory Note—1977

This definition follows language in *Bell v. Beneficial Consumer Discount Company,* 465 Pa. 225, 348 A.2d 734 (1975), that "when an action is instituted by a named individual on behalf of himself and a class, the members of the class are more appropriately characterized as parties to the action. A subsequent order of a trial court allowing an action to proceed as a class action is not a joinder of the parties not yet in the action. The class is in the action until properly excluded."

This definition becomes important in determining the effect of the commencement of a class action as tolling the statute of limitations as to the members of the class other than the named representatives. It carries into effect the decision of the United States Supreme Court in *American Pipe and Construction Company v. State of Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), in which the Court held that the commencement of an action as a class action suspends the applicable statute of limitations during the interim period from commencement until refusal to certify as to all putative members of the class who would have been parties if the action had been certified as such.

Pa.R.C.P. 1701(a) and Explanatory Note.

■ ¶ 11 The thrust of this statute treats the putative members of a class as parties plaintiff upon the filing of the complaint. Each party retains this status until the decertification of the party, at which time each party may then pursue their actions on an individual basis. They will not be time barred by a statute of limitation because *American Pipe* suspends the applicable statute of limitations during the interim period from the filing of the compliant to the decertification of the class. *See Alessandro v. State Farm Mut. Ins. Co.,* 487 Pa. 274, 409 A.2d 347 n. 9 (1979); *Bell v. Beneficial Consumer Discount Company,* 465 Pa. 225, 348 A.2d 734 (1975). Thus, the doctrine enunciated in *American Pipe* only extends to members of a putative class who brings his or her action in the same court after denial of class certification. This holding is square with the holdings in *American Pipe* and *Crown, Cork & Seal* in that the former allowed tolling only for a class member who later intervened in the former class action itself; the latter extended tolling to class members who bring a new individual action in the same jurisdiction. This holding is also in line with previous case law pertaining to individual actions wherein cross-jurisdictional filings did not toll the statute of limitations. *Royal Globe, supra.*

¶ 12 Other jurisdictions have examined the issue of cross-jurisdictional tolling and

have ruled that the statute of limitations is not tolled. *Wade v. Danek Medical., Inc.,* 182 F.3d 281, 288 (4th Cir.1999) (not allowing cross jurisdictional tolling for a class action), *cert denied,* 525 U.S. 1148, 119 S.Ct. 1046, 143 L.Ed.2d 53 (1999); *Portwood v. Ford Motor Co.,* 183 Ill.2d 459, 233 Ill.Dec. 828, 701 N.E.2d 1102, 1105 (1998) (same),[1] *cert. denied,* 525 U.S. 1148, 119 S.Ct. 1046, 143 L.Ed.2d 53 (1999); *Barela v. Showa Denko K.K.,* 1996 WL 316544 at *4 (D.N.M.) (same); *Thelen v. Massachusetts Mutual Life Ins. Co.,* 111 F.Supp.2d 688, 694 (D.Md.2000); *Maestas v. Sofamor Danek Group,* 33 S.W.3d 805, 808–09 (Tenn.2000); and *Bell v. Showa Denko K.K.,* 899 S.W.2d 749, 758 (Tex.Ct.App. 1995) (same).[2] Other jurisdictions have reached the opposite result. *See Staub v. Eastman Kodak Co.,* 320 N.J.Super. 34, 726 A.2d 955, 965–967 (1999) (allowing cross-jurisdictional tolling for class action), *cert. denied,* 161 N.J. 334, 736 A.2d 527 (1999); *Hyatt Corp. v. Occidental Fire & Cas. Co. of N.C.,* 801 S.W.2d 382, 389 (Mo. App.1990); *Lee v. Grand Rapids Bd. of Education,* 148 Mich.App. 364, 384 N.W.2d 165, 168 (1986). However, it is noteworthy that of these three jurisdictions, Michigan and New Jersey permit cross-jurisdictional tolling for individual actions as well, whereas Pennsylvania does not.

¶ 13 For those jurisdictions who do not permit cross-jurisdictional tolling, the rationale is generally the same. In *Portwood, supra,* the court noted:

[t]olling the statute of limitations for individual actions filed after the dismissal of a class action is sound policy when both actions are brought in the same court system. In such instances, failing to suspend the limitations period would burden the subject court system with the protective filings described by the Supreme Court in *American Pipe* and *Crown, Cork. . . .* Tolling a state statute of limitations during the pendency of a federal class action, however, may actually increase the burden on that state's court system, because plaintiffs from across the country may elect to file a subsequent suit in that state solely to take advantage of the generous tolling rule. Unless all states simultaneously adopt the rule of cross-jurisdictional class action tolling, any state which independently does so will invite into its court a disproportionate share of suits which the federal courts have refused to certify as class actions after the statute of limitations has run.

*Portwood,* 183 Ill.2d at 464–65, 701 N.E.2d at 1104, 233 Ill.Dec. at 830. We find this reasoning persuasive, especially in light in 42 Pa.C.S.A. § 1701(a) and Pennsylvania's prohibition of cross-jurisdictional tolling for independent actions.

■ ¶ 14 Appellant's third issue contends that the general rule of no tolling by individual actions is modified by Pennsylvania's Savings Statute, 42 Pa.C.S.A. § 5535(a)(1), and by its Borrowing Statute, 42 Pa.C.S.A. § 5521, and that it was an error for the trial court not to apply these statutes. However, we decline to reach the merits, or lack thereof of this argument as it is waived for failing to include it in the concise statement of matters complained of on appeal, Pa.R.A.P.1925(b). Failure to include an issue in a 1925(b) statement waives that issue for purposes of appellate review. *McKeeman v. Cores-*

---

1. Illinois courts do allow intrajurisdictional equitable tolling. *Steinberg v. Chicago Medical School,* 69 Ill.2d 320, 13 Ill.Dec. 699, 371 N.E.2d 634 (1977).

2. Texas also allows intrajurisdictional tolling. *Grant v. Austin Bridge Construction Co.,* 725 S.W.2d 366 (Tex.Ct.App.1987).

*tates Bank, N.A.,* 751 A.2d 655, 658 (Pa.Super.2000).

¶ 15 Lastly, Appellant maintains that the decision of the trial court violated the Full Faith and Credit Clause of the Fourteenth Amendment to the United States Constitution to treat a class action filed in New York and the putative members of that class, less favorably than the treatment that would be accorded in a class action filed in a Pennsylvania state court. Because we hold, on other grounds, that the New York actions were not effective in tolling the statute of limitations with respect to the instant action, we do not reach the constitutional issue raised by Appellant. *See Cunningham v. Ins. Co. of North America,* 515 Pa. 486, 530 A.2d 407 (1987) (declining to address argument that the lack of standing in a prior class action did not toll the statute of limitations for subsequent action would offend constitutional principles of justiciability under Article 5 of the Pennsylvania constitution because decision was made on other nonconstitutional grounds) *citing Commonwealth v. Allsup,* 481 Pa. 313, 392 A.2d 1309 (1978) (resolution of constitutional question should be avoided when there exists a nonconstitutional ground for the decision).

¶ 16 In conclusion, we hold that the filing of a class action in another state does not toll the statute of limitations as to a subsequent action filed in Pennsylvania's state court system. Thus, the order of the trial court granting judgment on the pleadings in favor on Appellee in affirmed.

¶ 17 Order affirmed.