J-A33042-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| JOYCE CONYERS-CARSON, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| GERMANTOWN HOMES, EINSTEIN | : | |
| MEDICAL CENTER, NEW COURTLAND | : | |
| LIFE NETWORK, AND TEMPLE | : | |
| UNIVERSITY HOSPITAL, | : | |
| | : | |
| Appellees | : | No. 859 EDA 2015 |

Appeal from the Order Entered March 10, 2015,
in the Court of Common Pleas of Philadelphia County,
Civil Division, at No(s):  June Term, 2014 No. 1960

BEFORE:    FORD ELLIOTT, P.J.E., STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED JANUARY 12, 2016**

Joyce Conyers-Carson (Appellant) *pro se* appeals from an order that granted the motion for judgment on the pleadings filed by Albert Einstein Medical Center (Einstein).  We affirm.

The trial court aptly summarized the background underlying this matter as follows.

> Appellant's father, Sidney Williams Conyers Sr., fell ill in May 2011 and received treatment from Einstein, [Temple University Hospital (Temple), and Germantown Homes (Germantown)].  Mr. Conyers was treated at Einstein from May 5, 2011 to May 12, 2011, and again on May 21, 2011 before being transferred that same day to the Visiting Nurse Association Hospice ("VNA")….  On June 23, 2011, Mr. Conyers died at VNA from what Appellant claims were complications stemming from an infection.  On June 4, 2013, Appellant filed a wrongful death and survival action against Einstein, Temple, Germantown, and

*Retired Senior Judge assigned to the Superior Court.

New Courtland [Life Network (New Courtland),[1]] in the U.S. District Court for the Eastern District of Pennsylvania. On November 6, 2013, the Honorable Juan Sanchez dismissed Appellant's federal action with prejudice for lack of diversity jurisdiction. Thereafter, Appellant filed the instant state court action in the Court of Common Pleas, Philadelphia County on June 13, 2014, again naming Einstein, Temple, Germantown, and New Courtland as defendants.

On December 23, 2014, Temple, as well as Germantown and New Courtland (filing jointly), docketed motions for judgment on the pleadings. On January 21, 2015, [the trial court] granted both motions for judgment on the pleadings and dismissed the claims against Germantown, New Courtland, and Temple, based in part on the statute of limitations having run….

That same day, Einstein filed [a] motion for judgment on the pleadings. On March 10, 2015, [the trial court] granted Einstein's motion for judgment on the pleadings and dismissed the action against Einstein[. Appellant timely filed a notice of appeal.]

Trial Court Opinion, 7/6/2015, at 1-2 (footnotes and unnecessary capitalization omitted).

We initially observe that we could dismiss this appeal because Appellant's brief does not comply with the Rules of Appellate Procedure. Pa.R.A.P. 2101. However, the issue Appellant apparently wishes to raise on appeal is relatively straightforward: Did Appellant's filing of her federal lawsuit toll the statute of limitations in her state action?

Our standard of review when considering the grant of a motion for judgment on the pleadings is as follows.

---

[1] We will refer to Einstein, New Courtland, Germantown, and Temple collectively as "Appellees."

> Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings. A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.
>
> Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.
>
> We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*Sw. Energy Prod. Co. v. Forest Res., LLC*, 83 A.3d 177, 185 (Pa. Super. 2013) (citations and quotation marks omitted).

Appellant's complaint arguably contained one count of wrongful death and one survival-action count.

> The statute of limitations governing both wrongful death and survival actions is contained in 42 Pa.C.S. § 5524(2), which provides that [a]n action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another must be commenced within two [] years. In general, the statute will begin to run at the time the cause of action accrues. Statutes of limitations have as their purpose the stimulation of the prompt pursuit of legal rights and the avoidance of the inconvenience and prejudice resulting from deciding stale cases on stale evidence. Statutes of limitation are vital to the welfare of

society and are favored in the law.... They promote repose by giving a stability to human affairs. An important public policy lies at their foundation. They stimulate to activity and punish negligence.

For the action known as a "survival action," the statute of limitations, as a general rule, begins to run on the date of injury. [A] party asserting a cause of action is under a duty to use all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period.... Thus, the statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding [does] not toll the running of the statute of limitations.... Once the prescribed statutory period has expired, the party is barred from bringing suit unless it is established that an exception to the general rule applies which acts to toll the running of the statute. This general rule, as we have observed, has application to a "survival action." If a period of two years has expired following the date of injury, an action for such injury is barred and cannot be asserted by the personal representatives of the injured person following his death.

*Baumgart v. Keene Bldg. Products Corp.*, 633 A.2d 1189, 1192 (Pa. Super. 1993) (citations and some quotation marks omitted).

According to Appellant's complaint, her father died on June 23, 2011. She did not file her complaint until June 13, 2014, well beyond the two-year statute of limitations. Unfortunately for Appellant, her filing of the federal action did not toll the statute of limitations in this state action. *See Ravitch v. Pricewaterhouse*, 793 A.2d 939, 942 (Pa. Super. 2002) ("In Pennsylvania, an individual action filed in federal court does not toll the running of the statute of limitations as to an action in state court."). Thus, the trial court properly concluded that the statute of limitations barred

Appellant's claims and correctly granted Appellees' motions for judgment on the pleadings. We therefore affirm the court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: <u>1/12/2016</u>