**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2950

_____

PARADIGM SRP, LLC d/b/a DRIVETANKS.COM,

Appellant

v.

DONALD McLEAN; DM INNOVATIONS, LLC; THUNDER PUMPKIN IMPORTS,
LLC t/d/b/a TP IMPORTS, LLC; TWWM, LLC t/d/b/a THUNDER PUMPKIN
IMPORTS; AND TWW IMPORTS, LLC t/d/b/a THUNDER PUMPKIN IMPORTS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:24-cv-00612)
District Judge: Hon. Jennifer P. Wilson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 16, 2025

Before: BIBAS, MONTGOMERY-REEVES, and AMBRO, *Circuit Judges*

(Filed: September 17, 2025)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Procedural hurdles sometimes trip up even diligent plaintiffs. Paradigm runs a military museum that lets visitors "drive and shoot real tanks, artillery, and machine guns." App. 72 (comma added). Looking to add firepower to its arsenal, Paradigm approached Donald McLean, an arms broker. It paid him and his companies $149,500 for a rare German military tank with a working gun. But it could not get permission to import the tank from Poland. Though Paradigm asked McLean for a refund, he refused.

Paradigm sued McLean and his companies for breach of contract in Texas state court. After three years, that court dismissed the case without prejudice for lack of personal jurisdiction. In April 2024, Paradigm promptly refiled in the U.S. District Court for the Middle District of Pennsylvania, claiming breach of contract, fraud, and unjust enrichment. But by then, Pennsylvania's limitations period had run for all three claims, so the District Court dismissed with prejudice.

Paradigm now appeals, protesting that dismissal leaves it with "no forum in which to seek relief." Appellant's Br. 15. But the law is what it is. Because the District Court rightly held the suit time-barred, we will affirm.

We review the District Court's dismissal on limitations grounds de novo. *Pension Tr. Fund for Operating Eng'rs v. Mortg. Asset Securitization Transactions, Inc.*, 730 F.3d 263, 268 (3d Cir. 2013). A federal district court sitting in diversity applies the forum state's choice-of-law rules. *Ross v. Johns-Manville Corp.*, 766 F.2d 823, 826 (3d Cir. 1985). Because Paradigm sued in federal court in Pennsylvania, Pennsylvania's rules govern. *Id.* For claims that accrue in a different state, Pennsylvania's borrowing statute requires courts to apply

2

either Pennsylvania's or the other state's limitations period—whichever is shorter. 42 Pa. Cons. Stat. Ann. §5521(b). In making that inquiry, courts must consider not only the limitations periods themselves, but also other laws (like laws that pause the running of the limitations period in certain circumstances) that might affect whether a suit is time-barred. *See McKenna v. Ortho Pharm. Corp.*, 622 F.2d 657, 660 (3d Cir. 1980) ("In our view, the essential question posed under the 'borrowing statute' is whether the action in question is precluded by the laws of the state in which it accrued, and the answer to that question also must be based on the law of the state in which the claim arose.").

Below, Paradigm argued that its claims accrued in Texas—a point that McLean accepted for purposes of his motion to dismiss. McLean also argued, and Paradigm did not dispute, that Paradigm's claims accrued when it first demanded a refund in writing on May 19, 2019. So all the District Court had to do was compare Texas law with Pennsylvania law to see which state would have barred Paradigm's claims first. The District Court did just that.

Start with Texas. There, a party has four years from accrual to sue for breach of contract and fraud, and two years to sue for unjust enrichment. Tex. Civ. Prac. & Rem. Code Ann. §16.051; *id.* §16.004(a)(4); *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 871 (Tex. 2007) (per curiam). And if a court dismisses a timely claim for lack of personal jurisdiction, the claimant may refile it within sixty days. Tex. Civ. Prac. & Rem. Code Ann. §16.064(a). When refiling, a party may add new claims that arise out of the same "transaction or occurrence" as the old claims, so long as they would have been timely on the original filing date. *Garrett Operators, Inc. v. City of Houston*, 461 S.W.3d 585, 592

(Tex. App. 2015) (quoting *Winston v. Am. Med. Int'l, Inc.*, 930 S.W.2d 945, 955 (Tex. App. 1996)).

Under Texas law, all three of Paradigm's claims would be timely. The Texas court dismissed Paradigm's timely breach-of-contract claim in February 2024, less than sixty days before Paradigm refiled here in April 2024. Its federal suit added two more claims that arose out of the same transaction as the initial breach-of-contract claim, both of which would have been timely if part of the original Texas suit.

Next, consider Pennsylvania. Here, a party has two years from accrual to sue for fraud and four years to sue for breach of contract or unjust enrichment. 42 Pa. Cons. Stat. Ann. §§ 5524(7), 5525(a). Those limitations periods are tolled (suspended) if (1) a "civil action or proceeding is timely commenced and is terminated" and (2) the party "commence[s] a new action or proceeding *upon the same cause of action* within one year after the termination." *Id.* § 5535(a)(1) (emphasis added). That tolling provision cannot save the fraud and unjust-enrichment claims, which were not part of Paradigm's original suit in Texas.

One might think that tolling provision would save the breach-of-contract claim, which was brought in both suits. But there is a catch: Section 5535(a) applies only when the first action is both "commenced" and "terminated" in *Pennsylvania* state court. *Royal-Globe Ins. Cos. v. Hauck Mfg. Co.*, 335 A.2d 460, 462 (Pa. Super. Ct. 1975) ("[A]n action in one state does not toll the running of the statute of limitations against [an] action in another state."); *Maxwell Downs, Inc. v. City of Philadelphia*, 638 A.2d 473, 476 (Pa. Commw. Ct. 1994) (quoting and endorsing this language from *Royal-Globe* as applying under § 5535(a)); *Jewelcor Inc. v. Karfunkel*, 517 F.3d 672, 676 n.4 (3d Cir. 2008) (holding that

4

"*Maxwell Downs* provides our best guidance on how the Supreme Court of Pennsylvania would interpret the savings statute").

Paradigm first sued in Texas, so § 5535(a) does not apply. The District Court thus correctly held that under Pennsylvania law, all Paradigm's claims had to be filed no later than 2023. This federal suit, in 2024, came too late in Pennsylvania.

Resisting this conclusion, Paradigm insists that § 5535(a) applies no matter where it filed its first suit. After all, the statutory text speaks only of "a civil action or proceeding," saying nothing about where or in what court. That reading would have given Paradigm until February 2025 to file in Pennsylvania, making this suit timely. But Paradigm's textual reading collides with the precedents cited above. Paradigm urges us to limit *Jewelcor* to its facts, narrowing its relevance to suits filed first in bankruptcy court and later in federal district court. But *Jewelcor* did not so limit its holding, instead embracing *Maxwell Downs*'s broad reading of § 5535(a). *See* 517 F.3d at 676 n.4.

So Paradigm argues that the whole line of cases is wrong. It criticizes *Jewelcor*'s reliance on *Maxwell Downs*, because *Maxwell Downs* depends on *Royal-Globe*, and *Royal-Globe* predated the statute. Yet *Maxwell Downs* rejected that very objection to *Royal-Globe*, and the *Jewelcor* majority rejected those objections to both cases. *Maxwell Downs*, 638 A.2d at 476; *Jewelcor*, 517 F.3d at 675. Paradigm is thus forced to rely repeatedly not on the *Jewelcor* opinion of the court, but rather the *Jewelcor* dissent. That never works. Absent an intervening contrary state-court opinion, *Jewelcor*'s understanding of Pennsylvania state law binds us. And that understanding forecloses Paradigm's reading of the statute.

5

Paradigm's second suit was timely under Texas's limitations period but untimely under Pennsylvania's limitations period. Pennsylvania's borrowing statute requires that we apply the stricter limitations period: Pennsylvania's. *See* 42 Pa. Cons. Stat. Ann. § 5521(b). We will thus affirm the District Court's dismissal.