355 F.2d 658
 Frank FALSETTI, Appellant,
v.
LOCAL UNION NO. 2026, UNITED MINE WORKERS OF AMERICA, an Unincorporated Association, and Pittsburgh Consolidation Coal Company, a Corporation, Now Known as Consolidation Coal Company, a Corporation.
 No. 15263.
 United States Court of Appeals Third Circuit.
 Argued October 21, 1965.
 Decided January 28, 1966.
 
 John B. Nicklas, Jr., Pittsburgh, Pa., for appellant.
 Kenneth Yablonski, Washington, Pa., for Local Union No. 2026.
 Harold R. Schmidt, Pittsburgh, Pa. (Anthony J. Polito, Rose, Schmidt & Dixon, Pittsburgh, Pa., on the brief), for Consolidation Coal Co.
 Before McLAUGHLIN, FORMAN and GANEY, Circuit Judges.
 FORMAN, Circuit Judge.
 
 
 1
 Frank Falsetti (hereinafter appellant), a Pennsylvania resident, commenced suit on November 4, 1963 in the United States District Court for the Western District of Pennsylvania against both the Consolidation Coal Company (hereinafter Company), a Pennsylvania corporation, and Local No. 2026, United Mine Workers of America (hereinafter Union), an unincorporated association some of whose members reside in Pennsylvania. Where appropriate both defendants will be hereinafter collectively referred to as appellees. Appellant's claim was dismissed at the termination of the presentation of his case upon appellees' motions brought under Federal Rule of Civil Procedure 41(b). Appellant's subsequent motion for a new trial was denied and this appeal is from the order of the District Court dismissing appellant's suit under Rule 41(b) and from the Court's order denying the new trial motion.[1]
 
 
 2
 The first count of the complaint characterizes the action against the Union as one in trespass for damages, allegedly in excess of $10,000, premised on a breach of the Union's duty of fair representation under state and federal labor statutes. It alleges that the Union sanctioned the Company's breach of the seniority provisions of the collective bargaining contract. Appellant was laid off on January 8, 1954 while allegedly two other men, at least one of whom had less seniority, were kept on for general work. It is further alleged that since the layoff in 1954 the Company has continued to employ the above two men or other men having less seniority in appellant's job classification, and has generally rehired other men with less seniority than appellant. Appellant then avers that notwithstanding promises made by Union officials that his grievance directed against the Company, based on the above facts, would be prosecuted, no action was taken by the Union and he was never reinstated. On this basis, appellant sues for the Union's breach of its duty of fair representation.
 
 
 3
 In the second count of the complaint the appellant alleges that the Company conspired with the Union in fraudulently discharging him in violation of the seniority provisions of the collective bargaining agreement. Damages allegedly in excess of $10,000 are thus also sought against the Company.
 
 
 4
 In the course of the pretrial procedure motions were made by appellees to dismiss the suit on certain grounds, one of which was that the District Court lacked jurisdiction over the subject matter. Though it is less than clear from the complaint what appellant considered the jurisdictional base upon which the suit rested, the District Court found, in denying these motions, that "implicit in the complaint are claims of tort liability and breach of contract against both defendants, and a breach of fiduciary duty against the Union."[2] Apparently satisfied that appellant's complaint, liberally construed, had included enough factual matter bearing on jurisdiction so that the requirement of Federal Rule of Civil Procedure 8(a) (1) that the complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends" had been met, the District Court concluded that appellant's allegations established jurisdiction over both appellees for breach of the collective bargaining contract under Section 301 of the Labor Management Relations Act[3] and for breach of the Union's duty of fair representation under various other sections of the Act.[4]
 
 
 5
 The problem of who has standing to assert a Section 301 claim for relief is an unsettled one.[5] Nevertheless, we agree with the District Court that under the facts of the instant case, even as alleged in the complaint, jurisdiction was had over both the Section 301 claim and the claim based on breach of the duty of fair representation, with the requisite standing to bring the suit clearly in appellant.[6]
 
 
 6
 It is also not unrealistic to consider that the facts alleged, invoking federal court jurisdiction as heretofore described, could also have called into being the jurisdiction of the National Labor Relations Board on the grounds that appellees' alleged conduct constituted an unfair labor practice under Section 8 of the Labor Management Relations Act.[7] Such an action was never instituted.[8] If the facts would have formed a basis for an unfair labor practice action before the National Labor Relations Board, it may well be that appellant's suit against the Union should best be classified as one within Section 303[9] of the Labor Management Relations Act rather than Section 301. Be that as it may, such possible misclassification does not bear on the issues at hand.
 
 
 7
 The case came to trial before the District Court without a jury. As indicated above, at the end of appellant's presentation the appellees moved for a dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b), which motion the District Court granted orally. The Court found both that the Section 301 claim for relief accrued on January 8, 1954 when appellant was laid off and that the claim based on breach of the duty of fair representation accrued sometime between January 8, 1954 and August 6, 1956, the latter date being when an unsuccessful state suit[10] was instituted by appellant asserting breach of that duty. Thus, ruled the District Court, the Pennsylvania six-year statute of limitations[11] relative to personal actions barred both claims,[12] for the federal suit was not commenced until November 4, 1963.
 
 
 8
 Appellant's motion for a new trial, in the main, challenged the appropriateness of the District Court's applying a state statute of limitations to a suit involving federal law governing labor-management relations. It was further contended that even if such a statute were applicable, in this case the institution of the prior state court suit tolled the statute pending final determination of that state action. As an alternative to the latter proposition appellant submitted that the breach of the appellees' obligations, as charged, was of a continuing nature and so within the limitations period. Appellees disputed these propositions and also argued before the District Court that if the state statute of limitations were found to be inapplicable, appellant should be barred by laches from prosecuting his suit.
 
 
 9
 The District Court, in dismissing appellant's suit, reasoned that in the absence of a federal statute of limitations dealing with the claims for relief appropriate state statutes govern, and thus appellant's suit is barred. There is much authority in support of this viewpoint.[13] It may well be, however, that at least in a case such as this, where the facts were susceptible of triggering National Labor Relations Board action on unfair labor practice grounds, that the state statute of limitations would cause undesirably lingering litigation in light of the six-months federal statute of limitations governing unfair labor practices.[14] In the instant case more than six years elapsed from the accrual of the action to the date of the institution of the suit. In that period the Pennsylvania statute ran and any lesser period which would represent a federal standard of timeliness would also have expired, for it is inconceivable to us that, if a federal standard were to be judicially imposed, it would be greater than the Pennsylvania six-year period. Therefore, no matter what limitation period, six years or less, is applied, appellant's claims are defeated for failure to commence a timely suit. If laches had been the basis for dismissal, the record's reflection of appellant's extensive delay would also have supported such a ruling.
 
 
 10
 The District Court's rejection of appellant's contention that the state statute of limitations was tolled by the commencement of the state suit is amply supported by the law;[15] so with appellant's continuing cause of action theory.[16] Having thus disposed of the issue of timeliness in the manner in which we have, it will be unnecessary to consider any other issues raised below.
 
 
 11
 The orders of the United States District Court for the Western District of Pennsylvania granting appellees' motions for dismissal and denying appellant's motion for a new trial will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 While the District Court made only oral findings of fact and conclusions of law at the close of the hearing on the Rule 41(b) motions, it, in effect, incorporated them into its written opinion denying appellant's motion for a new trial
 
 
 [2]
 Falsetti v. Local Union No. 2026, United Mine Workers, 34 F.R.D. 461, 462 (W.D. Pa.1964)
 
 
 [3]
 29 U.S.C. § 185(a) (1965):
 "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."
 
 
 [4]
 29 U.S.C. § 141 et seq. (1965)
 
 
 [5]
 See Smith v. Evening News Assn., 371 U.S. 195, 201 n. 9, 83 S.Ct. 267, 270, 9 L. Ed.2d 246 (1962)
 
 
 [6]
 See both the majority opinion and concurring opinion of Justice Goldberg in Humphrey v. Moore, 375 U.S. 335 and 351, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964)
 
 
 [7]
 29 U.S.C. § 158 (1965)
 
 
 [8]
 The failure to seek relief on a claim arguably subject to NLRB jurisdiction on preemption grounds does not void an action as brought here. Smith v. Evening News Assn. supra note 4 at 197, 83 S.Ct. at 268, 9 L.Ed.2d at 249
 
 
 [9]
 29 U.S.C. § 187 (1965)
 
 
 [10]
 See Falsetti v. Local Union No. 2026, U.M.W.A., 400 Pa. 145, 161 A.2d 882, 87 A.L.R.2d 1082 (1960)
 
 
 [11]
 Pa.Stat.Ann. tit. 12, § 31 (1953)
 
 
 [12]
 Such disposition is indicated by the District Court's findings in its unpublished opinion supporting the denial of appellant's new trial motion. Falsetti v. Local Union No. 2026, United Mines Workers, Civil No. 63-977, W.D.Pa., Jan. 12, 1965
 
 
 [13]
 For a comprehensive consideration of the issue along with the citation of relevant authority see International U. of Op. Eng. v. Fischbach and Moore, Inc., 350 F.2d 936 (9 Cir. 1965)
 
 
 [14]
 See Smith v. Evening News Ass'n, supra note 4 at 202-203, 83 S.Ct. at 271 (dissenting opinion). The Supreme Court has this issue of whether a federal uniform timeliness standard should be prescribed for suits under Section 301 of the LMRA before it now. International U., U.A., A. & A.I.W. v. Hoosier Cardinal Corp., 346 F.2d 242 (7 Cir. 1965), cert. granted 382 U.S. 808, 86 S.Ct. 87, 15 L.Ed.2d 58, Oct. 11, 1965
 
 
 [15]
 Di Sabatino v. Mertz, 82 F.Supp. 248, 249 (M.D.Pa.1949); 54 C.J.S. Limitations of Actions § 261, p. 292 (1948)
 
 
 [16]
 Park-In Theatres v. Paramount-Richard Theatres, 90 F.Supp. 727 (D.Del. 1950), aff'd per curiam, 185 F.2d 407 (3 Cir. 1950)