

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-23-2004

# Soppick v. W Conshohocken

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1972

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

## Recommended Citation

"Soppick v. W Conshohocken" (2004). *2004 Decisions.* Paper 35.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/35

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-1972
_____

JOSEPH G. SOPPICK; JANET SOPPICK; JEANETTE MCCULLOUGH;
ASHLEY MCCULLOUGH, Both by an through their parents and
natural guardians, Joseph G. and Janet Soppick; JOANNA H.
SOPPICK,

Appellants
v.

BOROUGH OF WEST CONSHOHOCKEN; BOROUGH COUNCIL OF WEST
CONSHOHOCKEN; ZONING HEARING BOARD OF WEST CONSHOHOCKEN;
WILLIAM KEIL; ROBERT LIVINGSTON; GEORGE CARPENTER; JOSEPH
PIGNOLI, Mayor of West Conshohocken; BOROUGH OF WEST
CONSHOHOCKEN POLICE DEPARTMENT; JOSEPH G. CLAYBORNE, Chief
of Police; STEPHEN WALKER, Police Officer; PATRICIA B. BARR,
Borough Council President; JOSEPHINE S. SCHARFF; JOHN COOPER;
MICHAEL PEZZANO; PETER W. VIVIAN; JOSEPH L. COSTELLO; JOSEPH P.
PIGNOLI, JR.; PIERO A. SASSU; JEFFREY WEILER; Z. RAYMOND
SOKOLOWSKI; ROBERT JOHNSTON, P.E.; JAMES CARPENTER; CHARLES
MCHUGH; GEORGE DOUGHERTY; ERIC SMITH; RON PIGNOLI;
CHARLES MAY; MICHAEL DELUCCA; CARMELLA DELUCCA; IRENE
PULTORAK; IRENE YAKONICK
_____

Appeal from the United States District Court
For the Eastern District of Pennsylvania
D.C. No.: 03-cv-00890
District Judge: Honorable Edmund V. Ludwig
_____

Submitted Under Third Circuit LAR 34.1(a) December 13, 2004

Before: NYGAARD, ROSENN, and BECKER, Circuit Judges

(Filed: December 23, 2004)
_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

Joseph and Janet Soppick and their daughters Joanna Soppick, Jeanette McCollough, and Ashley McCollough ("the Soppicks") brought suit against the Borough of West Conshohocken et al. ("the Borough"),[1] asserting violations of 42 U.S.C. § 1983 ("§ 1983") and related state law claims arising from a "stop work" order the Borough issued to halt renovations on the Soppicks' home. The District Court dismissed the Soppicks' complaint for being time-barred and for failure to state a claim. The Soppicks moved for, but were denied, reconsideration of the dismissal. The Soppicks appeal the District Court's dismissal of their complaint.

The District Court had jurisdiction over the Soppicks' § 1983 claims pursuant to 28 U.S.C. §§ 1331 and 1343. See Garvin v. City of Phila., 354 F.3d 215, 219 (3d Cir. 2003). In addition, the District Court had supplemental jurisdiction over their state law claims under 28 U.S.C. § 1367. Id. We have jurisdiction under 28 U.S.C. § 1291.

I.

In 1996, the Soppicks obtained a building permit from the Borough to renovate their home. Construction began in 1998 and continued into 1999. On April, 23, 1999,

_____

[1]Because this appeal seeks only to resurrect § 1983 claims against the Borough and government appellees, we do not evaluate any claims against co-appellees who are private citizens – viz. Eileen Yakonick, Michael DeLucca, or Carmella DeLucca.

2

the Borough, citing its building code, issued a "stop work" order halting the renovations. The Soppicks contend that the order was issued in retaliation for their public accusations of misconduct by the Mayor. To prove the illicit nature of the "stop work" order, the Soppicks requested to view their permit file but their requests were denied. On June 8, 1999, the Borough Council conducted a hearing and upheld the "stop work" order.

Since that time, the Soppicks have been unable to complete renovations and allegedly have been subject to additional Borough retaliation. In particular, the Soppicks contend that the Borough failed to properly investigate a series of claims where the family fell victim, including, inter alia, a claim that the Soppicks' daughter was raped.

II.

On February 13, 2003, the Soppicks filed suit in the United States District Court for the Eastern District of Pennsylvania asserting § 1983 claims for violations of the Soppicks' right to equal protection and due process. The complaint also asserted state law claims for: impairment of contractual obligations, breach of implied contract, breach of quasi-contract, tortious interference with existing and prospective contractual relations, fraudulent and negligent misrepresentation, estoppel, civil conspiracy, and pendant state claims (defined as failure to properly investigate a series of incidents involving the Soppicks as victims).

After appellees moved to dismiss the complaint for failure to state a claim, the

Soppicks filed an amended complaint asserting largely the same claims. Count VI[2] asserted § 1983 equal protection violations based on: the April 23, 1999, "stop work" order, appellees' failure to properly investigate co-plaintiff JoAnna Soppick's complaint of being raped on August 6, 2000, and the filing of charges against Mr. Soppick in 1999 for "falsification of documents."

Count VII asserted § 1983 due process violations based on: the Borough's May 23, 1999, failure to produce documents regarding the Soppicks' permit, the Borough Council's June 8, 1999, affirmance of the "stop work" order, and the Borough's alleged interference with the issuing of permits. The remaining counts, except Count VIII,[3] were state law claims.

On March 9, 2004, the District Court dismissed the Soppicks' § 1983 claims for being time-barred and for failure to state a claim. In addition, the Court rejected supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3). The Soppicks moved for reconsideration of the District Court's order to dismiss on the ground that the Court incorrectly determined the accrual date for each of their § 1983 claims. The District Court denied the Soppicks' motion to reconsider. While the motion

---

[2] Counts I through V did not include any claims, but merely set forth the factual background of the case. Therefore, the first claim is numbered "Count VI."

[3] Count VIII asserted § 1983 violations of the right to be free from state laws impairing contractual relations. However, we do not address Count VIII because it was not raised on appeal.

for reconsideration was pending, the Soppicks timely appealed the District Court's dismissal of their complaint. We exercise plenary review of a dismissal order pursuant to Federal Rule of Civil Procedure 12(b)(6). Angstadt v. Midd-West Sch. Dist., 377 F.3d 338, 342 (3d Cir. 2004).

### III.

The parties agree that a two-year limitations period applies to the Soppicks' § 1983 claims. The parties disagree, however, as to when the two-year limitations period began to run on each claim. The Soppicks aver that the statute of limitations period did not begin to run on these claims until June 9, 2004, when the Zoning Hearing Board of West Conshohocken sustained the "stop work" order. We disagree. Under federal law, which governs the accrual of § 1983 claims, a § 1983 cause of action begins to accrue when the plaintiff knows, or has reason to know, of the injury on which the action is based. Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998).

The Soppicks knew, or had reason to know, that the injury stemming from the "stop work" order occurred on the date it was received – April 23, 1999. See Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 559-600 (3d Cir. 1998) (cause of action based upon improper denial of a demolition permit accrued when the permit application was denied, despite the pendency of state court proceedings challenging the designation upon which the denial was premised). Therefore, the statute of limitations for the "stop work" claim expired two years later on April 23, 2001, well before the Soppicks' filed

5

their complaint on February 13, 2003.

The Soppicks knew, or had reason to know, that the injury stemming from the Borough's failure to investigate occurred on or around August 6, 2000, when the Borough's failure to investigate became apparent. Therefore, the statute of limitations for the failure-to-investigate claim expired, at the latest, by the end of 2002. This was well before the Soppicks filed their complaint on February 13, 2003.

Lastly, the Soppicks knew, or had reason to know, that the injury stemming from the filing of unlawful charges against Mr. Soppick occurred when the charges were filed in 1999. Therefore, the statute of limitations expired on their claim after 2001. Again, this was well before the Soppicks filed their complaint on February 13, 2003.

In addition to the equal protection violations, the Soppicks allege three different due process violations: the Borough's May 23, 1999, failure to produce documents regarding the Soppicks' permit, the Borough Council's June 8, 1999, affirmance of the "stop work" order, and the Borough's interference with the issuing of building permits.

Applying the accrual standard articulated in DeSimone, 159 F.3d at 126, the Soppicks knew, or had reason to know, of the basis for their failure-to-produce claim on May 23, 1999, the date their document request was denied. Thus, the statute of limitations expired two years later on May 23, 2001, well before the Soppicks filed their complaint on February 13, 2003.

The Soppicks knew, or had reason to know, of their injury from the affirmance of

6

the "stop work" order on June 8, 1999, the date the Borough upheld the "stop work" order. See Sameric Corp of Del., 142 F.3d at 559-600. Therefore, the statute of limitations expired two years later on June 8, 2001, well before the Soppicks filed their complaint on February 13, 2003.

Finally, the Soppicks knew, or had reason to know, of their injury stemming from the Borough's interference with permits on June 8, 1999, the date the "stop work" order was upheld by the Borough Council. The statute of limitations thus expired two years later on June 8, 2001, again, well before the Soppicks filed their complaint.

Because the Soppicks' complaint was filed on February 13, 2003, considerably beyond the two-year statute of limitations for each § 1983 claim, the complaint is time-barred unless the limitations period is tolled by either the "continuing violation" doctrine or by the pendency of related state court litigation. However, neither is available.

"The continuing violations doctrine is an 'equitable exception to the timely filing requirement.'" Cowell v. Palmer Township, 263 F.3d 286, 292 (3d Cir. 2001) (quoting West v. Phila. Elec. Co., 45 F.3d 744, 754 (3d Cir. 1995)). Where a defendant's conduct is part of a continuing practice, an action is deemed timely provided the last act evidencing the continuing practice falls within the limitations period. Id. To establish a "continuing violation," the plaintiff must demonstrate that: (1) there was at least one violation during the statutory period; and (2) that the defendant's actions were "more than the occurrence of isolated or sporadic acts of intentional discrimination." West, 45 F.3d

7

at 754-55.

The Soppicks attempt to revive their time-barred claims by arguing that the Borough's conduct, including the "stop work" order, failure-to-investigate, filing of charges against Mr. Soppick for "falsification of documents," failure-to-produce, improper affirmance of the "stop work" order, and interference with permits, was an "ongoing pattern of misconduct" that comprised a "continuing violation." However, the Soppicks are unable to establish the first requirement of a "continuing violation" – that any of the alleged violations occurred within the two-year limitations period. The complaint in this action was filed on February 13, 2003. Thus, any violation of § 1983 occurring before February 13, 2001, is outside the limitations period and time-barred. As noted, each act occurred before February 13, 2001. Therefore, each claim is time-barred.[4]

Having determined that the Borough's acts fail to comprise a "continuing violation," the final inquiry is whether the Soppicks' pending state court litigation tolls the statute of limitations. It does not. Under Pennsylvania concepts of tolling, which govern here, see Vernau v. Vic's Market, Inc., 896 F.2d 43, 45 (3d Cir.1990) ("state tolling principles are generally to be used by a federal court when it is applying a state

---

[4]Given the Soppicks' inability to establish any constitutional violation during the statutory period, we need not reach the second requirement of the "continuing violation" doctrine – that appellees' conduct is "more than the occurrence of isolated or sporadic acts." West, 45 F.3d at 755; see Do Little Corp. v. Bristol, No. Civ.A.01-2344, 2002 WL 32345947, *6 (E.D. Pa. June 19, 2002).

limitations period"), the commencement of a related suit in state court does not toll the running of a Pennsylvania statute of limitations against a federal cause of action. Ammlung v. City of Chester, 494 F.2d 811, 816 (3d Cir. 1974) (citing Falsetti v. Local Union No. 2026, United Mine Workers of Am., 355 F.2d 658, 662 (3d Cir. 1966) (the running of a state statute of limitations against an action in federal court is not tolled by commencement of unsuccessful suit in state court)). Therefore, although the Soppicks diligently objected to the "stop work" order through the Borough Council, the pendency of any related state court litigation does not toll the statute of limitations. Cf. Ellis v. Dyson, 421 U.S. 426, 432-33 (1975) (it is not necessary to exhaust state law judicial remedies before bringing an action under § 1983).

Moreover, the issuance of the "stop work" order gave rise to an independent cause of action that should have been pursued as such. See Sameric Corp. of Del., 142 F.3d at 599-600 (holding that the "continuing violations" doctrine could not be applied to revive a time-barred claim involving a permit denial because the denial of the permit gave rise to an independent cause of action and should have been pursued accordingly). Because the "stop work" claim was not independently pursued before April 23, 2001, it expired with the running of the two-year statute of limitations.

Having established that neither the "continuing violation" doctrine nor pending state court litigation tolls the statute of limitations, there is nothing to relieve the Soppicks of the bar generated by the statute of limitations. As such, their complaint is time-barred.

9

IV.

For the foregoing reasons, the judgment of the District Court will be affirmed.

Costs taxed against the appellants.