NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 19-1009

———————————

ANTWAUN BUSH,

Appellant

v.

CITY OF PITTSBURGH; CITY OF PITTSBURGH BUREAU OF POLICE;
NATHAN HARPER, individually and in his official capacity;
OFFICER DONALD SNIDER; OFFICER DANIEL JOSEPH PAGA, JR.;
OFFICER CHARLES THOMAS; OFFICER MORGAN JENKINS;
OFFICER CHARLES HENDERSON; OFFICER DAVID CANNON

———————————

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-16-cv-00926)
District Judge: Honorable Cathy Bissoon

———————————

Submitted under Third Circuit LAR 34.1(a)
On September 24, 2019

Before: MCKEE, AMBRO and ROTH, Circuit Judges

(Opinion filed: June 11, 2020)

———————————

OPINION*

———————————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

ROTH, <u>Circuit Judge</u>

On January 30, 2014, Antwaun Bush initiated an action in Allegheny County Court of Common Pleas by filing a praecipe for a Writ of Summons for injuries incurred during his arrest nearly two years earlier. He named the City of Pittsburgh, Pittsburgh's former chief of police, and several police officers as defendants. He did not file a complaint or a statement of intention to proceed. Roughly two and a half years later and approximately four and a half years after the events that gave rise to his causes of action, Bush initiated a separate action in United States District Court for the Western District of Pennsylvania regarding the same events and against the same defendants, alleging both state tort claims and federal claims under 42 U.S.C. § 1983. The District Court granted the defendants' motion for summary judgment on the ground that Bush's claims were time-barred. Bush has appealed. We will affirm the District Court's grant of summary judgment.

## I.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. In reviewing the District Court's decision granting summary judgment, we exercise plenary review.[1]

## II.

In determining the statute of limitations for § 1983 claims, we apply "the personal injury tort law of the state where the cause of action arose."[2] In Pennsylvania, where

---

[1] *Lupyan v. Corinthian Colls., Inc.*, 761 F.3d 314, 317 (3d Cir. 2014).
[2] *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).

Bush's § 1983 claims arose, the statute of limitations for personal injury claims is two years.[3] Bush's causes of action accrued on February 15, 2012, the date of his arrest. He filed his complaint in District Court on June 22, 2016, approximately two and a half years after the statute of limitation for his claims had expired. Bush argues, however, that the statute of limitations for his claims brought in federal court was tolled as of January 30, 2014, when he filed a praecipe for a Writ of Summons in the Allegheny County Court of Common Pleas.[4]

Under Pennsylvania Rule of Civil Procedure 1007, filing a praecipe constitutes the commencement of a civil action. Once a plaintiff has filed a praecipe for a Writ of Summons, Pennsylvania law permits a defendant to request the prothonotary to order the plaintiff to file her complaint.[5] Forgoing this opportunity forecloses the defendant's ability to bring a statute of limitations defense. The rationale for this is simple: By not taking advantage of the opportunity to compel the plaintiff to timely bring a complaint, the defendant signals that he is unconcerned about the timeliness of that complaint.[6] Thus, if a defendant has been timely served a praecipe for a Writ of Summons in the state court in which the plaintiff ultimately brings his complaint, the statute of limitations is

---

[3] *See* 42 Pa. Cons. Stat. § 5524.
[4] *See* Allegheny County Court of Common Pleas Docket No. GD 14-001416.
[5] *See* Pa. R. Civ. P. 1037(a) ("[T]he prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros.").
[6] *See Galbraith v. Gahagen*, 204 A.2d 251, 252 (Pa. 1964) ("[W]here the plaintiff has had the summons served upon the defendant, and the defendant . . . is thus made aware of the lawsuit pending against him, he cannot complain if the plaintiff takes his time and files the complaint more than two years after service.").

3

tolled, and the plaintiff can file her complaint past the statutory period. Petitioner wants to extend this rule to cases like the one at issue here, where the plaintiff, after filing and serving a praecipe for a Writ of Summons in state court, files suit in federal court past the relevant statute of limitations period. We decline to do so.

Pennsylvania and federal law distinguish between actions commenced in state court and federal court for the purpose of tolling.[7] The tolling of a claim by virtue of its initiation in state court does not transfer to claims subsequently brought in federal court.[8] Thus, initiating a suit in state court by filing a praecipe for Writ of Summons does not toll a separate action in federal court irrespective of the similarity of the claims.[9] Had Bush filed his complaint in state court, it would not be time-barred—but he did not do so.

### III.

We will affirm the judgment of the District Court.

---

[7] *See, e.g.*, *Falsetti v. United Mine Workers of Am.,* 355 F.2d 658, 662 (3d Cir. 1966) (rejecting contention that commencement of prior state court action served to toll the limitations period for subsequently filed federal action); *Ammlung v. City of Chester*, 494 F.2d 811, 816 (3d Cir. 1974) ("The running of a Pennsylvania statute of limitations against a federal cause of action is not tolled under Pennsylvania concepts of tolling by the commencement of a similar suit in state court."); *Royal–Globe Ins. Cos. v. Hauck Mfg. Co*., 335 A.2d 460, 462 (Pa. 1975) ("An action in state court does not toll the running of the statute of limitations against subsequent action in federal court.").
[8] *Ammlung*, 494 F.2d at 816.
[9] *Id.*